FIRST NATIONAL BANK OF BLUE HILL V. MARGARET M. TURNER.

[FILED JULY 2, 1890.]

1. Garnishment: BANKS: SERVICE ON BOOK-KEEPER. In garnishment proceedings against a bank, where the president and cashier are absent, notice and a copy of the order of attachment served upon the book-keeper thereof during business hours is sufficient.

2. ———: DELIVERY BY GARNISHEE TO DEFENDANT. A garnishee duly served with notice and a copy of the order of at-

tachment against a defendant, who, after such service, delivers money or property then in his possession . to the defendant, will not thereby be released from liability to the plaintiff in the attachment.

ERROR to the district court for Webster county.   Tried below before GASLIN, J.

*Hastings & McGintie,* for plaintiff in error.

*A. M. Walters, contra,* cited, as to the service on the book-keeper : Code, sec. 73 ; *Mathews v. Smith,* 13 Neb., 190 ; *Porter v. R. Co.,* 1 Id., 15.

MAXWELL, J.

The cause of action in this case is stated as follows:

"The plaintiff complains of the defendant and says that on the 30th day of September, 1886, she recovered a judgment against one M. H. King for $150 debt, and $9.55 costs, before H. D. Ranney, a justice of the peace of Webster county, Nebraska; that the suit against said King, in which the said judgment was obtained, was aided by an order of attachment, by virtue of which the defendant in this cause, viz., The First National Bank of Blue Hill, was summoned as garnishee to appear before the said H. D. Ranney, justice of the peace, and answer such interrogations as might be propounded to it touching their indebtedness to the said M. A. King, and any property, rights, or credits in its hands and belonging to him ; that the said garnishee summons required the said First National Bank to appear before said Ranney, justice, on the 30th day of August, 1886; that the said First National Bank failed, neglected, and refused to appear before the said Ranney, justice, on the 30th day of August, 1886, as required by the said garnishee summons, and failed, neglected, and refused to appear before said Ranney and make answer as such garnishee at any time.

6

"Plaintiff alleges that at the time the summons in garnishment was served upon the First National Bank, to-wit, on the 24th day of August, 1886, it had in its possession money, property, rights, and credits of the said M. H. King of the value of several thousand dollars; that notwithstanding the service of the garnishment summons as aforesaid upon it, the said First National Bank, in violation of the law, and this plaintiff's rights, paid money to said King, and turned over to him property in its possession belonging to him, made a final settlement of its dealings with him, all of which was done subsequent to the time the garnishment summons was served upon it, the said bank, and subsequent to the time the said bank was required to appear before the said Ranney, and subsequent to the time when the said bank failed, neglected, and refused to appear before said Ranney and answer as such garnishee as aforesaid; that at the time plaintiff recovered her judgment against said King, and caused the said bank to be garnished, he, the said King, was insolvent and a non-resident of the said state of Nebraska; that the said King has at all times since the 24th day of August, 1886, down to the present time been a non-resident of the state of Nebraska, and has had no property in the state subject to execution or attachment except that in the possession of the said bank; that defendant is a corporation organized under the laws of the United States, and its only place of business is in Blue Hill, Webster county, Nebraska; that no part of the plaintiff's judgment against said King has ever been paid; that the said First National Bank has never in any manner been released or discharged as garnishee; that said bank has at all times since the 24th of August, 1886, down to the month of January, 1887, had funds of the said King with which to pay plaintiff's judgment against him, and have been authorized by said King to pay said judgment provided a discount of the said judgment could be obtained; that the said bank and the said King

have colluded to delay the plaintiff in the collection of her judgment against the said King; that the defendant is justly indebted to the plaintiff in the sum of $159.55, with interest thereon from the 30th day of September, 1886, at the rate of seven per cent per annum, no part of which has been paid."

To this petition the bank filed an answer as follows:

"Now comes said defendant and wholly denies the issuance of order of attachment and service of notice of garnishment thereon upon this defendant in any action between said plaintiff and any party; and this defendant further denies that there was any lawful action pending before H. D. Ranney, justice of the peace in and for Webster county, Nebraska, on August 30, 1886, wherein said plaintiff was plaintiff, and defendant wholly denies that it ever received any notice of garnishment in any such action; and defendant, further answering, denies that it, the said defendant, was, on the 24th day of August, A. D. 1886, or ever thereafter, indebted to one M. H. King in any sum, nor did this defendant have, on said 24th day of August, or ever thereafter, any property, rights, or credits of said M. H. King in its possession or under its control.

"2d. This defendant, further answering, says, that any pretended proceedings and judgment had before said justice of the peace in a certain pretended action wherein said plaintiff M. H. King was sought to be made defendant, and said plaintiff was sought to be made plaintiff, were wholly void and without any jurisdiction on the part of said justice of the peace in the matter of issuing said pretended attachment, and without any jurisdiction over the person of any defendant in said action.

"3d. That as to the matters and things in plaintiff's petition not hereinbefore specifically denied, this defendant has no knowledge as to the truth thereof, and therefore denies and demands proof thereof."

On the trial of the cause the jury returned a verdict for

the plaintiff below for the sum of $183.44, upon which judgment was rendered.

The testimony shows that in the action against King he was personally served with summons and also with a copy of the writ of attachment; that no property was found whereon to levy the attachment, whereupon an affidavit for garnishment was duly made and filed, the docket entry being:

" Plaintiff filed affidavit that she has reason to believe, and does believe, that the First National Bank of Blue Hill has property of and is indebted to the defendant in an amount to her unknown.

" Issued order and notice to garnishee to appear on the 30th day of August, 1886, at 1 o'clock P. M. and answer as to property of the defendant under his control and as to his indebtedness to the defendant M. H. King.

" Garnishee entered indorsed as follows:

" 'I hereby certify that I served on the First National Bank a true copy of the within garnishee notice.

" '(Signed) A. SHEETS, *Constable.*'

" Order for attachment returned indorsed as follows :

"'August 24, 1886, received this writ, and not being able to come at the property of M. H. King, claimed to be in the possession of First National Bank of Blue Hill, Nebraska, I on the same day at 3 o'clock P. M. served on Edward Morse, book-keeper of said First National Bank, there being no other officer of the bank present, a copy of this order and also a written notice to appear and answer as therein required. A copy of which notice is hereunto attached.

" ' (Signed) A. SHEETS, *Constable.*' "

The garnishee did not appear and answer, and it is claimed that the service was insufficient.

Sec. 935 of the Code provides that " The copy of the order and the notice shall be served upon the garnishee as

follows: If he be a person, they shall be served upon him personally, or left at his usual place of residence; if a corporation, they shall be left with the president or other head of the same, or the secretary, cashier, or managing agent thereof." The book-keeper of the bank, as far as appears, was the managing agent thereof. He was the only person that the officer found in the bank upon whom service could be made, and service upon him during business hours at the place of doing business was sufficient.

Sec. 936 of the Code provides that "The garnishee shall appear before the justice in accordance with the command of the notice, and shall answer, under oath, all questions put to him touching the property of every description and credits of the defendant in his possession or under his control, and he shall disclose truly the amount owing by him to the defendant, whether due or not, and, in case of a corporation, any stock therein held by or for the benefit of the defendant, at or after the service of the notice." It thus became the duty of the garnishee to appear and answer all questions in relation to the property of King in its possession or under its control, and as it is evident that it had more or less of such property after the notice of garnishment was served, it has no cause of complaint; in other words, it failed to answer at its peril, and as it made no attempt in the garnishee proceedings to exonerate itself from the charge that it was in possession of property of King, the presumption is that the affidavit of garnishment is true, and as the amount of such property seems to have exceeded the judgment in this case, the judgment is right and is

AFFIRMED.

THE other judges concur.